GOOD *v.* MICHIGAN FARM & INDUSTRIAL FAIR, INC.

1. AGRICULTURE—STATE FAIR—CONDITION OF PREMISES.

    Lessee, conducting State fair on fair grounds, has duty to keep the grounds in a reasonably safe condition for patrons attending the fair.

2. SAME—BREACH OF DUTY TO MAINTAIN SAFE PREMISES—PROXIMATE CAUSE—BURDEN OF PROOF.

    Burden of establishing breach of duty on part of lessee of fair grounds in maintaining premises upon which it is conducting a State fair is upon plaintiff in his action for injuries sustained while a patron and he must also show that such breach was the proximate cause of the accident.

3. SAME—SAFE PREMISES—EVIDENCE—PEDESTRIANS—AUTOMOBILES.

    That lessee of fair grounds conducting State fair failed to discharge its duty to maintain grounds in a reasonably safe condition for use of patrons *held,* not shown, where it maintained a 20-foot paved way extending several hundred feet toward exposition buildings across an open field from an entrance used by both vehicles and pedestrians and upon which plaintiff, as pedestrian, was injured when overtaken and struck by overhanging portion of delivery truck, lessee not being required to protect patrons from unforeseen acts of third persons.

4. SAME—COMMON USE OF FAIR GROUND STREETS BY PEDESTRIANS AND MOTOR VEHICLES.

    Use of paved streets and ways on fair grounds in common by pedestrians and motor vehicles does not in and of itself constitute negligence on the part of those in charge of such premises.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 16, 1935. (Docket No. 96, Calendar No. 38,198.) Decided March 5, 1935.

Case by Joseph F. Good against the Michigan Farm & Industrial Fair, Inc., a Michigan corpora-

tion, William Baker and Antonio Vetrano, for personal injuries received when hit by a truck on a fair grounds. From judgment for plaintiff against defendant Vetrano only plaintiff appeals. Affirmed.

*Axford & Hulett* (*George P. Coash*, of counsel), for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant Michigan Farm & Industrial Fair, Inc.

NORTH, J. In the fall of 1933 plaintiff having paid the required admission entered the Michigan State Fair Grounds at Detroit at the so-called north Woodward avenue entrance. There were two large iron gates hung between two brick pillars which were about 24 feet apart at this entrance which is used as a means of ingress and egress both for vehicular traffic and pedestrians. There was no separate entrance at this point for pedestrians, although there were at least two other entrances from Woodward avenue to the fair grounds which were used by pedestrians. Plaintiff presumably knew of these other entrances, he being a man 53 years of age who had been a resident of the city of Detroit for substantially 18 years and had visited the State fair grounds on many previous occasions. At this north Woodward avenue entrance there is a paved way 20 feet in width extending in an easterly direction to the exposition buildings on the grounds. Plaintiff proceeded on foot along the southerly edge of this pavement and when approximately 350 feet from the entrance was overtaken and struck by a Ford truck owned and operated by Antonio Vetrano. Plaintiff was quite seriously injured, and he brought this suit for damages against the Mich-

igan Farm & Industrial Fair, Inc., a Michigan corporation, which was conducting the State fair, and against the driver and owner of the truck, Antonio Vetrano. A third party was also made defendant but the suit was dismissed as to him and of this plaintiff makes no complaint. In the circuit court the case was tried without a jury and judgment was entered in favor of the defendant, the Michigan Farm & Industrial Fair, Inc.; but as against the defendant Antonio Vetrano, plaintiff had judgment for $2,200. Plaintiff, claiming that his suit should not have been dismissed as to the Michigan Farm & Industrial Fair, Inc., has appealed. We quote from appellant's brief:

"It is the contention of the plaintiff and appellant that said defendant, Michigan Farm & Industrial Fair, Inc., was guilty of negligence in permitting plaintiff to enter the fair grounds at the north Woodward avenue gate, which was not a reasonably safe entrance for its invited guests attending the fair on foot and should therefore respond in damages for the injuries sustained by the plaintiff. * * *

"It was the legal duty of the defendant, Michigan Farm & Industrial Fair, Inc., to have its premises in a reasonably safe condition for the protection of persons who came upon them at its invitation. It was the lessee of the Michigan State Fair grounds and had full and complete control of same."

As a legal proposition it may be admitted that it was the duty of the lessee of these fair grounds to keep them in a condition which was reasonably safe for patrons attending the fair; but in the instant case the question of fact is presented as to whether the lessee failed to discharge this duty. The burden was upon plaintiff to establish this breach of duty and to show that this was the proximate cause of the

accident in consequence of which he seeks to recover damages. There is also the possible question of plaintiff's contributory negligence, which we need not consider at this time.

The pavement along which plaintiff was walking extends through an open space. On either side weeds were growing to a height of six or eight inches and the ground was somewhat uneven. Most pedestrians who came in at this entrance walked along the roadway but some proceeded across the open spaces to reach various parts of the fair grounds. Obviously it was a matter of choice as to which course a pedestrian would pursue. While there were no signs announcing that this was an entrance which was used by delivery vehicles, the general surroundings and the character of the pavement rather plainly indicated such use and plaintiff testified he recognized "it was a street." The truck of defendant Vetrano was equipped with a body which extended 12 or 14 inches beyond the running boards. It is plaintiff's claim that he was overtaken and struck in the back on the right-hand side by the projecting corner of the truck body just as he was in the act of turning to his right for the purpose of looking back or in a westerly direction. Presumably this was the view adopted by the trial judge as the basis of rendering judgment against the truck driver. Our review of the record fails to disclose proof of any breach of the duty of Michigan Farm & Industrial Fair, Inc., to maintain the fair grounds in a reasonably safe condition for the use of its patrons.

Plaintiff cites and relies much upon *Cousineau* v. *Muskegon Traction & Lighting Co.*, 145 Mich. 314 (20 Am. Neg. Rep. 576), also reported in 152 Mich. 48; *Scott* v. *University of Michigan Athletic Ass'n*,

152 Mich. 684 (17 L. R. A. [N. S.] 234, 125 Am. St. Rep. 423, 15 Ann. Cas. 515); *Blakeley* v. *White Star Line,* 154 Mich. 635 (19 L. R. A. [N. S.] 772, 129 Am. St. Rep. 496); *Logan* v. *Agricultural Society of Lenawee County,* 156 Mich. 537; *Sullivan* v. *Detroit & Windsor Ferry Co.,* 255 Mich. 575; also *Brezee* v. *Powers,* 80 Mich. 172. The rules of law announced in these cases are not to be questioned, but they are not such as to justify recovery by plaintiff in the instant case. In each of the cited cases it is pointed out that the basis of recovery is a showing that the defendant failed to discharge a duty which it owed to the plaintiff; and as a matter of law it must also be established that such failure was the proximate cause of the damages sustained by plaintiff. In the instant case we find no testimony sustaining plaintiff's claim that the lessee of the Michigan State Fair Grounds failed to discharge a duty which it owed to him and which was a proximate cause of his injuries. Instead this case falls under the rule of *Anda* v. *Chicago, Duluth & Georgian Bay Transit Co.,* 231 Mich. 567, 570, wherein Justice WIEST, writing for the court, said:

"Defendant transit company, however, was not required to protect plaintiff from the unforeseen acts of third persons. There was no inherent defect in the way over which plaintiff was going to the street, neither was her use of such way shown to have been perilous by reason of surroundings. Except for the unusual tort committed by the truck driver she would not have been injured.

"The applicable rule in this case is: If the transit company, from existing conditions, should have anticipated that injury might come to a passenger in using the way from the dock, through the negligence of a third person, then it was its duty to exercise a degree of care commensurate with such

foreseen danger. The evidence, however, does not bring the operation of the rule to this case. What process of reasoning will bring a finding that the carrier should reasonably have foreseen that a truck might leave the road and run over a person walking in the path outside of the road? In the country it is common for persons to walk in the road and also along the side of the wrought part thereof, and it is considered safe to do so.''

This record justifies the conclusion that the whole situation with which plaintiff was surrounded at the time of his accident was apparent to him and it was optional with him (having regard for his own safety) whether he would walk upon the paved way or on the adjoining ground. It is safe to say there are few, if any, fair grounds on which there are not streets or ways used in common by pedestrians and motor vehicles, and it cannot be said that such use in and of itself constitutes negligence on the part of those in charge of such premises. Improved country highways are used in common by both pedestrians and motor vehicles. It may be said that such pedestrians are not required to pay for traveling along such highways; but nonetheless we think that it was not negligence on the part of the lessee of these fair grounds to permit plaintiff to use this paved highway in common with drivers of motor vehicles any more than it is negligence on the part of the public to permit like use of its highways. It is obvious from the record that the proximate cause of plaintiff's injuries was not his entrance at the north Woodward avenue gate to the fair grounds. Instead, after he had gone between 300 and 400 feet upon the fair grounds along the paved way he was overtaken and struck by the Ford truck. This was the proximate cause of his injuries. At

the time and place he was no more subject to the possibility of such an injury than as though he had come upon the fair grounds by some other entrance. As to the circumstances surrounding plaintiff at the time he was injured he testified as follows:

"*Q.* You entered this gate and paid your fare and proceeded in an easterly direction and had walked all by yourself up to the point of accident— is that right?

"*A.* Yes, sir.

"*Q.* In other words, there was no traffic coming from the east going west?

"*A.* No.

"*Q.* And there was no traffic passed you from the west going east?

"*A.* No.

"*Q.* Either vehicular traffic or pedestrians?

"*A.* No.

"*Q.* You were out in this open space all by yourself, weren't you?

"*A.* Sure."

We find no testimony in this record sustaining plaintiff's claim that the Michigan Farm & Industrial Fair, Inc., failed to discharge any duty it owed to him or that it was guilty of any negligence which was a proximate cause of plaintiff's injuries. It follows that the judgment entered in the circuit court as to Michigan Farm & Industrial Fair, Inc., must be affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.