ZIGINOW v REDFORD JAYCEES

Docket No. 63018. Submitted July 25, 1983, at Detroit.—Decided December 13, 1983.

Michael Ziginow was killed and Sandra Stevens was severely injured when they were struck by a car while crossing Five Mile Road in Redford Township. The victims had just left a fireworks display presented by the Redford Jaycees at Bell Creek Park, a park owned and operated by the Wayne County Road Commission. Peter Ziginow, as administrator of the estate of Michael Ziginow, and Sandra Stevens brought an action for damages against the Redford Jaycees, the Wayne County Board of Road Commissioners, and the chief and several officers of the Redford Township Police Department, which provided crowd control at the park on the night in question. At the close of plaintiffs' proofs, the Wayne Circuit Court, Henry J. Szymanski, J., granted directed verdicts in favor of all the defendants. Plaintiffs appealed. *Held:*

1. Plaintiffs provided proof on only one element of a cause of action for negligence, that being the fact that they suffered damages. The proofs offered by plaintiffs failed to demonstrate that any of the defendants owed any duty to plaintiffs. Further, plaintiffs failed to present any evidence showing proximate cause, foreseeability, or a breach of any relevant standard of care. The directed verdicts were proper.

2. Plaintiffs' contention that they proved a prima facie case of wilful and wanton misconduct against the road commission is not supported by the evidence.

3. The trial court did not err by excluding certain traffic manuals from evidence. The manuals were not offered by plaintiffs to impeach any witnesses who had expressed an opinion about the adequacy of traffic control at the park. Plaintiffs' purported purpose in offering the manuals was to show that the defendants knew of appropriate measures of

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 886.
[2] 57 Am Jur 2d, Negligence §§ 32, 33.
[3] 57 Am Jur 2d, Negligence § 103.
[4] 29 Am Jur 2d, Evidence §§ 251, 888.

traffic control. However, to be relevant for this purpose, the manuals would have been hearsay in the circumstances under which they were offered.

Affirmed.

1. APPEAL — DIRECTED VERDICT.

The Court of Appeals, in reviewing a decision on a motion for a directed verdict for a defendant, considers the plaintiff's proofs and any reasonable inferences therefrom in a light most favorable to the plaintiff.

2. NEGLIGENCE — ELEMENTS OF NEGLIGENCE — PRIMA FACIE CASE.

A plaintiff in a negligence action, in order to establish a prima facie case and thereby avoid a directed verdict, must provide proof on each of the elements of a negligence claim: (1) that the defendant owed a duty to the plaintiff; (2) that the defendant violated that duty; (3) that the defendant's breach of duty was the proximate cause of the damages suffered by the plaintiff; and (4) that the plaintiff did, in fact, suffer damages.

3. NEGLIGENCE — WILFUL AND WANTON MISCONDUCT.

Wilful and wanton misconduct is distinguished from ordinary negligence by an intent to harm or by an indifference of a defendant in the presence of the probability of harm which is tantamount to a willingness that the harm occur.

4. EVIDENCE — LEARNED TREATISES — RELEVANT EVIDENCE — RULES OF EVIDENCE.

Matter regarding traffic control contained in certain books and pamphlets was properly excluded from evidence in a case alleging defendants' negligent control of traffic at a public event where it was not offered to impeach any witness who had testified regarding the adequacy of traffic control at the event and where the purported purpose of the evidence, to show the defendants' knowledge of traffic control techniques, was not shown to be relevant (MRE 707).

*Philo, Atkinson, Steinberg, Walker & White* (by *Richard L. Steinberg* and *Stanley L. White)*, for plaintiffs.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Mark S. Hayduk)*, for defendant Redford Jaycees.

*Ogne, Jinks, Ecclestone & Alberts, P.C.* (by

*Thomas M. Jinks* and *Robert L. Dzialo),* for defendant Wayne County Board of Road Commissioners.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Bernard P. McClorey),* for defendants Edwin Bleza, Al Stewart, Edward Waser, and Lionel Roberts.

Before: D. E. HOLBROOK, JR., P.J., and WAHLS and R. R. LAMB,* JJ.

PER CURIAM. Plaintiffs appeal directed verdicts entered against them in favor of all defendants. Defendants had moved for directed verdicts at the close of plaintiffs' proofs, after four and one-half days of jury trial. Plaintiffs appeal as of right.

On July 4, 1977, defendant Redford Jaycees held its annual fireworks display at Bell Creek Park in Redford Township. The park is located at the intersection of Five Mile and Inkster Roads. Defendant Jaycees had secured its usual permit for the fireworks display from defendant Wayne County Road Commission, which owned and operated the park. Part of the requirement for the permit was that the Jaycees make arrangements with the Redford Township police for crowd control. The Jaycees did secure a commitment from the township police that they would handle crowd control. Defendant Gleza was the chief of the Redford Township police at the time. Defendant Roberts was the shift commander on duty on the evening of July 4, 1977. Defendant Stewart was commander of the police reserve unit which was deployed at the park on that evening. Defendant Waser was the township's traffic lieutenant, in charge of general traffic control and enforcement.

On said date, the Redford Township police had

---

* Circuit judge, sitting on the Court of Appeals by assignment.

19 volunteer officers and seven or eight regular officers patrolling Bell Creek Park and the immediate vicinity. Plaintiffs were there to watch the fireworks. When the show was over, plaintiffs left on foot walking east along Five Mile Road to a vehicle apparently parked back in the residential area. At a point just east of Meadowbrook Lane they ran south to cross Five Mile Road. They were hit there by a "speeding" car. Michael Ziginow was killed. Plaintiff Sandra Stevens received severe and permanent injuries. The driver of the car was never apprehended or identified.

Plaintiffs brought suit against the defendants, alleging a variety of causes of action. Plaintiff Peter Ziginow sued in his capacity as administrator of the estate of Michael Ziginow.

In reviewing a decision on a motion for directed verdict, this Court considers the plaintiff's proofs and any reasonable inferences therefrom in a light most favorable to the plaintiff. *Bouwman v Chrysler Corp,* 114 Mich App 670, 677; 319 NW2d 621 (1982). In order to establish a prima facie case in a negligence action, and thereby avoid a directed verdict, plaintiff must provide proof of the negligence elements. These elements are set out in *Falkner v John E Fetzer, Inc,* 113 Mich App 500, 503; 317 NW2d 337 (1982), as follows:

"(1) that the defendant owed a duty to the plaintiff; (2) that the defendant violated that duty; (3) that the defendant's breach of duty was the proximate cause of the damages suffered by the plaintiff; and (4) that the plaintiff suffered damages."

We hold that plaintiffs herein have only provided proof of the fourth element, that they suffered damages. We have examined the record and briefs and find plaintiffs have failed to produce any

competent proof of the first three elements so as to avoid a directed verdict.

First, we find that plaintiffs are unable to demonstrate that any of the defendants owed them any duty. See *Merritt v Nickelson,* 407 Mich 544, 552; 287 NW2d 178 (1980); *Nevarez v Thriftimart, Inc,* 7 Cal App 3d 799; 87 Cal Rptr 50 (1970); *Berman v LaRose,* 16 Mich App 55; 167 NW2d 471 (1969); *Bauer v Saginaw County Agricultural Society,* 349 Mich 616; 84 NW2d 827 (1957), inapplicable herein; *Good v Michigan Farm & Industrial Fair, Inc,* 270 Mich 543; 259 NW 149 (1935); MCL 224.21; MSA 9.121; *Lewis v Beecher School System,* 118 Mich App 105; 324 NW2d 779 (1982).

Assuming, *arguendo,* however, that a duty was shown to run to plaintiffs from defendants, plaintiffs failed to present any evidence establishing any violation of a standard of care, proximate causation or foreseeability.

When the court granted the directed verdict in defendants' favor, the only reason articulated at length was plaintiffs' failure to offer any evidence that the accident was foreseeable. Our review of the entire transcript did not uncover any evidence of foreseeability other than a couple of stray comments about the inherent risk of crossing a street. No evidence was offered indicating how the particular circumstances created by the fireworks display affected the normal risks of pedestrian travel. The jury was given no explanation why Five Mile Road should have been provided with pedestrian barricades, or closed off, on July 4, 1977, when it presumably did not need to be so modified under normal circumstances. During 19 previous years of fireworks displays there had been no pedestrian accidents.

Plaintiffs had even greater problems showing a

breach of any relevant standard of care. We find that several witnesses were apparently qualified to render expert opinions about the adequacy of the traffic control measures undertaken by the Redford Township police; however, no witness questioned the appropriateness of the traffic control. Repeatedly these witnesses endorsed the police department's actions as competent and reasonable in light of the foreseeable situation.

Plaintiffs' cross-examination of the most clearly qualified witness, a former Wayne County traffic safety director by the name of Russell Harrison, resulted in testimony that the conditions at and surrounding Bell Creek Park were safe on the night in question, that no extended or complex traffic safety study was required to insure pedestrian safety for such a simple event, that the primary concern in such a situation was that traffic officers be involved to supervise traffic control, and nothing further was needed than what was done, and that there would have been significant problems with closing off Five Mile Road and re-routing traffic through the surrounding residential neighborhoods, increasing the risks to playing children.

Other witnesses concurred that conditions around the park were safe, that re-routing traffic from four-lane Five Mile Road would increase hazards on two-lane Inkster Road, and that barricades to keep pedestrians off the street would be ineffective for their intended purposes and would only increase the congestion problem.

Having failed to establish any violation of a standard of care, plaintiffs had obvious problems with causation. The plaintiffs failed to show how any of their proposed safety measures would have saved plaintiffs from injury.

Because plaintiffs failed to offer evidence from which a jury could reasonably find in plaintiffs' favor, the directed verdicts were proper.

Plaintiffs additionally contend that they proved a prima facie case of wilful and wanton misconduct against defendant road commission and that although the trial court did not address this claim specifically in its grant of defendants' motion, it did so by implication and it was error to do so. We disagree.

Plaintiffs' problem again is evidentiary. Plaintiffs claim defendant road commission knew of the dangerous condition (the crowds at the park) and, by ordinary care, could have avoided the danger (by closing Five Mile Road) and knew that its failure to do so would result in a condition likely to prove disastrous to another person. But plaintiffs have not established any evidence that closing off Five Mile Road would have been a prudent thing to do. The only evidence seems to indicate that it would have been imprudent to close off the street since it would have increased congestion elsewhere. No other measure within the ordinary care of defendant road commission has been suggested by plaintiffs to show how the danger could have been avoided, other than cancelling the event entirely. Our review of the record fails to discover any evidence from which the jury could have made a judgment about whether cancelling the fireworks was justified in light of the foreseeable risk. We find plaintiffs have offered no evidence indicating defendant road commission was so indifferent to the possibility of harm that it might as well have been willing for harm to occur. See *Burnett v City of Adrian,* 414 Mich 448; 326 NW2d 810 (1982).

This case falls far short of *Burnett,* where removal of a man-made structure was shown to be

easy and would have unquestionably improved safety without any counterbalancing increased hazards. Yet *Burnett* just barely qualified as a jury-submissible case of wanton and wilful misconduct. Hence, the trial court should not be reversed on this ground.

Finally, plaintiffs contend that the trial court erred by excluding from evidence certain traffic manuals. We disagree.

We find plaintiffs did not properly offer the exhibits to impeach any witness who expressed an opinion about the adequacy of traffic control around Bell Creek Park. See MRE 707.

We further find the state of the defendants' knowledge was not shown to be a relevant issue in this case. See *Stachowiak v Subczynski,* 411 Mich 459; 307 NW2d 677 (1981). Plaintiffs did not establish how the knowledge or opinions of the witnesses in this case ever were material. Only Mr. Harrison was ever fully qualified as competent to deliver a professional opinion on the adequacy of the measures taken to protect traffic safety. Plaintiffs did not establish that the material in the books and pamphlets offered represented Mr. Harrison's opinions. See *Stachowiak, supra.* Since the documents were never shown to represent anyone's actual knowledge at the time of the accident, they could not be relevant to show that knowledge.

Moreover, the knowledge of the defendants in this case is only material if their "knowledge" of traffic control procedures is accurate. Defendants are not to be judged by whether they behaved as they thought was appropriate, but whether they behaved as the reasonable person competent to handle the situation would have thought was appropriate. Plaintiffs offered the books purportedly to show that the defendants knew what was appro-

priate. The exhibits can only be relevant for this purpose (*i.e.,* they could only demonstrate the truth of this assertion to be more or less probable) if their contents were themselves accurate representations of the relevant standards of behavior. No one had said they were. Therefore, in order to get that fact into evidence, plaintiffs would have asked the jury to use the exhibits as evidence of the truth of the matters asserted therein. And this is hearsay.

As the proposed exhibits were neither relevant nor admissible, the trial court's ruling was proper.

Affirmed.