MAKSINCZAK v SALLIOTTE

Docket No. 74945. Submitted November 8, 1984, at Detroit.—Decided
February 5, 1985.

Plaintiff, Valeria Maksinczak, was injured when attacked by
Elaine Salliotte while attending a fireworks display produced
by BASF Wyandotte Corporation and the City of Wyandotte.
Plaintiff brought an action for damages for negligence against
Salliotte, BASF and the city. The Wayne Circuit Court, Irwin
H. Burdick, J., granted summary judgment to defendant BASF
on the basis that no question of material fact existed as to
BASF's alleged negligence and to defendant city for failure to
state a claim upon which relief may be granted. Plaintiff
appealed. *Held:*

1. Plaintiff failed to show the existence of a duty on the part
of defendant BASF or any evidence of a standard of care,
proximate cause or foreseeability. Plaintiff failed to relate her
injury to the fireworks display. Furthermore, plaintiff's argu-
ment that summary judgment was premature is without merit.

2. The defendant city owed no duty to plaintiff to prevent the
attack. The duty of police is to preserve the peace, but that
duty is owed to the general public, not to any one person.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — ISSUES OF FACT.

Summary judgment is properly granted where a plaintiff has not
demonstrated that there are any issues of fact which need to be
determined and there are no issues for the jury (GCR 1963,
117.2[3]).

2. NEGLIGENCE — DUTY — QUESTION OF LAW.

The existence of a duty is ordinarily a question for the trial court
to decide as a matter of law.

3. NEGLIGENCE — DUTY — POLICE.

The duties of the police include a responsibility to preserve the

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2] 57 Am Jur 2d, Negligence §§ 6-9.
[3] 70 Am Jur 2d, Sheriffs, Police, and Constables § 21.

peace; such duty is to the general public and not to any one person.

*S. R. Mikiciuk,* for plaintiff.

*Look, Kalmbach & Look* (by *William R. Look),* for the City of Wyandotte.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Bernard P. McClorey),* for BASF Wyandotte Corporation.

Before: GRIBBS, P.J., and D. E. HOLBROOK, JR., and N. J. LAMBROS,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting summary judgment in favor of defendants BASF Wyandotte Corporation and the City of Wyandotte. BASF and the city entered into an agreement to produce a fireworks display at Bishop Park. Plaintiff attended the festivities and while there was attacked by an intoxicated woman, Elaine Salliotte,[1] who bit her nose, causing serious and painful injuries. Plaintiff's claim is based on negligence. On appeal plaintiff contends that the trial court erred in granting the motions for summary judgment.

Plaintiff alleges that summary judgment pursuant to GCR 1963, 117.2(3) was inappropriate in regard to BASF, the owners of the park, as there is a question of material fact and that her discovery was incomplete. We do not agree and the grant of summary judgment is affirmed. Plaintiff has not demonstrated that any issues of fact need to be determined and when, as here, there are no

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] This woman is a named defendant. She was not involved in this appeal and the record suggests that she was dismissed due to the failure to serve her with notice.

negligence issues for the jury, summary judgment is proper. *Meyers v Robb,* 82 Mich App 549, 553; 267 NW2d 450 (1978), *lv den* 403 Mich 812 (1978). Plaintiff had the burden of proving the prima facie elements of her negligence claim, and we find that even the first element, that of defendants' owing plaintiff a legal duty, has not been shown. *Ziginow v Redford Jaycees,* 133 Mich App 259, 262; 349 NW2d 153 (1984). Plaintiff has failed to offer any evidence of the standard of care, proximate cause, or foreseeability or of whether any previous attacks had occurred in the park. Also, no evidence was offered to indicate how the particular circumstances were affected by the fireworks display. *Ziginow, supra,* p 263.

Plaintiff attempted to hold BASF liable by asserting that the city and BASF presented the fireworks as a joint venture. Even if this was a joint venture, we do not find that any duties were imposed upon or imputed to BASF. As any possible joint venture was undertaken for the purpose of presenting fireworks, and plaintiff's injury has not been linked or related to the fireworks, liability of BASF cannot result. Plaintiff has not demonstrated how her circumstances were affected by the fireworks. *Ziginow, supra.*

Plaintiff also alleges that summary judgment was improper as her discovery was incomplete. Our review of the record reveals that plaintiff was given sufficient time to complete her discovery, a total time of 15 months, and, as she failed to act promptly, she cannot now claim that summary judgment was premature. Additionally her discovery was aimed at proving a legal conclusion, *i.e.,* that a joint venture occurred, which does not affect the outcome of the decision. *Auto-Owners Ins Co v Blue Cross & Blue Shield of Michigan,* 132 Mich App 800, 810; 349 NW2d 238 (1984). Accordingly,

we find no error in the grant of summary judgment in favor of BASF.

Plaintiff contends that the grant of summary judgment in favor of defendant city was in error as the city owed her the duty to provide sufficient police protection to prevent the attack. The trial court found that there was no legal duty. As we said in *Cook. v Bennett,* 94 Mich App 93, 98; 288 NW2d 609 (1979):

> "The existence of a duty is ordinarily a question for the trial court to decide as a matter of law. Usually whether a duty is owed by a defendant to a plaintiff does not require the resolution of fact issues, and summary judgment is appropriate where the trial judge resolves the legal question of the defendant's duty against the plaintiff. *Fisher v Johnson Milk Co, Inc,* 383 Mich 158, 162; 174 NW2d 752 (1970)."

This is not a circumstance where the police watched the incident occur without assisting as in *Zavala v Zinser,* 123 Mich App 352; 333 NW2d 278 (1983), *lv gtd* 417 Mich 935 (1983). Rather, the claim is that more police should have been present. We cannot allow this claim to stand. We cannot find that the city owes a legal duty to every individual in order to prevent any such attacks. The duties of the police include a responsibility to preserve the peace, but such a duty is to the general public and not to any one person. *Zavala, supra,* p 356, and citations therein. As no facts were pleaded that show a duty owed to the plaintiff, the trial court was correct in granting summary judgment in favor of defendant city pursuant to GCR 1963, 117.2(1) for failure to state a claim.

Accordingly, as the city owed plaintiff no duty, we need not discuss the issue of sovereign immunity. We have reviewed all the pleadings and

accepted every well-pleaded fact as true and we find no error in the lower court's opinion. *Reith-Riley Construction Co, Inc v Dep't of Transportation,* 136 Mich App 425; 357 NW2d 62 (1984).

Affirmed.