KLYM v NIDA

Docket No. 78830. Submitted April 17, 1985, at Detroit.—Decided May 30, 1985.

Thea Marie Sigmann was injured when a speedboat operated by Larry P. Nida struck her while she was in the water waiting to water ski. At the time of the accident, Nida was involved in pulling water skiers with his boat. Sigmann brought an action against Nida and James Klym, doing business as Custom Speed Marine, alleging negligence on the part of Nida in the operation of the boat and alleging liability on the part of Klym on the basis that the boat being used by Nida had been sold by Klym to Nida in a condition so that it would not run in a matter such that the operator could see persons in the water in front of the boat. The Sigmann action went to mediation. Sigmann obtained a mediation award of $500,000, Nida being liable in the amount of $300,000 and Klym being liable in the amount of $200,000. Sigmann also brought a declaratory judgment action against St. Paul Fire and Marine Insurance Company, insurer of Nida's boat, seeking a declaration that the insurer was liable in the amount of $300,000. Sigmann's action against the insurer resulted in a summary judgment holding that the insurer's liability was limited to $10,000.

Klym settled with Sigmann, securing a full release both for himself and Nida. Klym then commenced a declaratory judg-

REFERENCES

Am Jur 2d, Insurance §§ 192, 258, 269, 271, 332, 357-379, 1016, 1405 *et seq.,* 1546, 1547, 1553-1556.

Validity, construction, and effect of "consent to sue" clauses in uninsured motorist endorsement of automobile insurance policy. 24 ALR4th 1024.

Division of opinion among judges on same court or among other courts or jurisdictions considering same question, as evidence that particular clause of insurance policy is ambiguous. 4 ALR4th 1253.

Reformation of insurance policy to correctly identify risks and causes of loss. 32 ALR3d 661.

Construction and application of provision in liability policy limiting the amount of insurer's liability to one person. 13 ALR3d 1228.

See also the annotations in the ALR3d/4th Quick Index under Insurance; Limitation of Liability.

ment action in Oakland Circuit Court against Nida and St. Paul Fire and Marine Insurance Company, claiming that the insurer was liable for Nida's contribution in the amount of $300,000. The insurer moved for summary judgment on the basis that the policy limited its liability to $10,000 where the boat was being used for water skiing. The trial court, George H. LaPlata, J., granted defendant insurer's motion for summary judgment, holding that the provision limiting liability for a water skiing accident to $10,000 was unambiguous and not contrary to public policy, that plaintiff had failed to establish a valid claim that the limit of liability should be $300,000 because of the alleged negligence of the insurer's agent, and that under the policy language the defendant insurer could properly include within the $10,000 policy limit the costs associated with the defense of the Sigmann action against Nida. Plaintiff appealed. *Held:*

1. The policy clearly and unambiguously provided that Nida's liability coverage when the boat was being used for water skiing was limited to a maximum of $10,000.

2. Since there is no requirement that a private pleasure boat have liability coverage, there is no Michigan public policy against an insurer and the insured limiting pleasure boat liability coverage in any manner they so desire.

3. Plaintiff lacks standing to raise the claim that, through the negligence of defendant insurer's agent, Nida was deprived of the greater coverage that he wanted or expected. Any claim for reformation of the insurance contract because of alleged negligence on the part of the agent in carrying out Nida's wishes is one which Nida alone has standing to bring.

4. Under these circumstances, there was no error on the part of the trial court in holding that the policy liability limit of $10,000 also included the costs expended by the insurer to defend the insured.

Affirmed.

1. INSURANCE — CONSTRUCTION OF POLICY — AMBIGUITY.

A contract of insurance, however inartfully worded or clumsily arranged, which fairly admits of but one interpretation may not be said to be ambiguous.

2. INSURANCE — CONSTRUCTION OF POLICY — REASONABLE EXPECTATIONS.

The expectation that a contract of insurance will be enforceable other than according to its terms may not be said to be reasonable; to allow one person to bind another to an obligation not covered by the contract because the first person thought

the other was bound to such an obligation is neither reasonable nor just.

3. INSURANCE — LIABILITY INSURANCE — LIMITS OF COVERAGE —
   PLEASURE BOATS — PUBLIC POLICY.

   Absent a legislative mandate to the contrary, an insurer and an insured are free to provide and agree to whatever conditions or limitations of coverage they see fit; accordingly, since there is no requirement that private pleasure boats in Michigan have liability insurance coverage, it is not contrary to public policy for an insurer to limit liability coverage on a pleasure boat to $10,000 when the boat is being used for water skiing.

4. INSURANCE — REFORMATION OF CONTRACTS — LIMITS OF COVERAGE
   — STANDING TO SUE.

   Only the insured may seek reformation of an insurance contract on the basis that an agent of the insurer negligently failed to secure the type of coverage requested by the insured.

5. INSURANCE — LIABILITY INSURANCE — LIMITS OF COVERAGE —
   EXPENSES OF DEFENDING THE INSURED.

   An insurer, where minimum coverage is not statutorily mandated, may provide that the limit of liability coverage includes the cost of defending the insured.

*Collins, Einhorn & Farrell, P.C.* (by *Brian Einhorn* and *Noreen L. Slank),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Robert G. Kamenec),* for St. Paul Fire and Marine Insurance Co.

Before: D. E. HOLBROOK, JR., P.J., and BEASLEY and C. W. SIMON,* JJ.

PER CURIAM. Plaintiff appeals as of right from the order of summary judgment that fixed defendant St. Paul Fire and Marine Insurance Company's liability at a maximum of $10,000. This action arose from a boating accident. Thea Marie Sigmann was struck by a speedboat while waiting to water ski, resulting in the amputation of her left

---

* Circuit judge, sitting on the Court of Appeals by assignment.

leg. She filed suit against the boat operator (Paul Nida), the boat retailer (James Klym, doing business as Custom Speed Marine, plaintiff herein), the boat manufacturer and St. Paul Fire and Marine Insurance Company. Ms. Sigmann obtained a mediation award of $500,000, Nida being liable for $300,000 and plaintiff being liable for $200,000. The insurance company obtained a summary judgment that it was only liable for $10,000 on its insurance contract with Nida.

Plaintiff then initiated this action in an attempt to receive a declaratory judgment that the insurance company was liable for $300,000. The trial court held otherwise. On appeal plaintiff contends that the court erred in holding that the special water skiing limitation language of the insurance policy issued to Nida was unambiguous, that the water skiing limitation is against public policy, that the insurance company's agent was negligent in providing the coverage requested by the insured and that the insurer was thereby liable for the full amount of Nida's liability, and that the cost of defending Nida in the suit brought by Sigmann should not be deducted from the amount that the insurance company must pay.

Plaintiff argues that the water skiing limitation language in the insurance policy issued by defendant insurer is ambiguous. We do not agree. The policy clearly states that when the boat is being utilized in water skiing or a similar activity that the insurance coverage is reduced to a maximum of $10,000. Even the application had the box checked for the $10,000 water skiing limitation. The fact that the injured person was not a member of Nida's party is irrelevant. We find that there is only one reasonable interpretation.

"[I]f a contract, however inartfully worded or clum-

sily arranged, fairly admits of but one interpretation it may not be said to be ambiguous or, indeed, fatally unclear." *Raska v Farm Bureau Ins Co,* 412 Mich 355, 362; 314 NW2d 440 (1982).

Plaintiff contends that this policy did not meet Nida's expectations.

"[T]he expectation that a contract will be enforceable other than according to its terms surely may not be said to be reasonable. * * *

"[T]o allow such a person to bind another to an obligation not covered by the contract as written because the first person thought the other was bound to such an obligation is neither reasonable nor just." 412 Mich 362-363.

We believe a fair reading of the entire contract leaves no doubt that any accident which occurred while the boat was engaged in water skiing had a maximum insurance coverage of $10,000.

Plaintiff next argues that the $10,000 limitation violates public policy. Michigan does not require private pleasure boats to have liability insurance. See MCL 281.561 *et seq.;* MSA 18.1251 *et seq.,* MCL 281.1001 *et seq.;* MSA 18.1287(1) *et seq.,* and MCL 500.1 *et seq.;* MSA 24.1100 *et seq.* As there are no statutory regulations which would prohibit the water skiing limitation, we cannot find such a provision to be contrary to public policy. The insured could have purchased extra insurance for an additional fee. In the absence of legislative limitations, the insured and the insurer are free to provide and agree to whatever conditions they see fit. See *Camelot Excavating Co, Inc v St Paul Fire & Marine Ins Co,* 410 Mich 118; 301 NW2d 275 (1981).

Plaintiff alleges that he should be entitled to a declaratory judgment that Nida had $300,000 of

liability insurance. He argues that the insurer is responsible for the negligent acts of its agent in failing to secure the insurance requested by Mr. Nida. While Mr. Nida may have such a claim, we can find no authority that would permit the plaintiff, who is a complete stranger to the contract, to sue for reformation so that the contract would be more beneficial to himself. Furthermore, the plaintiff cannot bring a negligence action against the insurance company. Plaintiff has not shown that the insurance company owed a duty to him to provide $300,000 of liability insurance for Mr. Nida. *Ziginow v Redford Jaycees,* 133 Mich App 259, 262; 349 NW2d 153 (1983). Plaintiff has cited no case law that supports a cause of action for him against Nida's insurer and we decline to create such an action.

Plaintiff alleges that it was error to hold that the liability limit included the cost of Nida's defense in the Sigmann action. This is not a situation where the insurer did not defend the insured. See *Stockdale v Jamison,* 416 Mich 217, 225; 330 NW2d 389 (1982). The insurance company did indeed defend Mr. Nida in a situation where the claim exceeded the policy limits. *Palmer v Pacific Indemnity Co,* 74 Mich App 259, 263; 254 NW2d 52 (1977). Therefore the insurance company was not in breach. Our review of the policy reveals that it does clearly state that the costs of defense are included in the liability amount.

"As a general rule, it is the court's duty to ascertain the meaning which the insured would reasonably expect from the language of the contract. If the language is clear and unequivocal, the court will enforce its terms and will not rewrite the contract." *Farm Bureau*

*Ins Co v Hoag,* 136 Mich App 326, 332; 356 NW2d 630 (1984).[1]

Accordingly, we find no error in the trial court's granting summary judgment.

Affirmed. Costs to appellee.

[1] Had the insurance company failed to defend its insured as promised, their liability might well exceed policy limits. *Stockdale, supra,* p 225.