SIMONDS v TIBBITTS

Docket No. 89016. Submitted February 4, 1987, at Lansing. Decided
September 24, 1987.

Barbara L. Simonds, individually and as personal representative
of the estate of Brian S. Buist, deceased, brought an action in
the Ingham Circuit Court against Dale Tibbitts, the Village of
Stockbridge Police Chief and an Ingham County deputy sheriff,
and the Village of Stockbridge. Plaintiff alleged that Buist was
killed in an automobile accident caused by an intoxicated
driver shortly after Tibbitts encountered the intoxicated driv-
er's car in a ditch and observed that the driver was visibly
intoxicated. Tibbitts did not arrest or detain the driver or
disable his car. Plaintiff alleged that Tibbitts had a duty to
arrest the driver or prevent him from driving, that Tibbitts
breached such duty, and that such breach was the proximate
cause of the accident. Plaintiff also alleged that the village, as
Tibbitts' employer, was also liable. The defendants' motion for
summary disposition was granted by the trial court, Jack W.
Warren, J., who held that Tibbitts' duty was to the public at
large and not to any individual. Plaintiff appealed.

The Court of Appeals *held*:

The trial court properly dismissed the action. Tibbitts had no
legal duty to the deceased.

Affirmed.

REFERENCES

Am Jur 2d, Arrest § 41.

Am Jur 2d, Municipal, School, and State Tort Liability §§ 243 *et
seq.*

Am Jur 2d, Negligence §§ 36 *et seq.*

Am Jur 2d, Public Officers and Employees §§ 374, 375, 378 *et seq.*

Failure to restrain drunk driver as ground of liability of state or
local government unit or officer. 48 ALR4th 320.

Modern status of rule excusing governmental unit from tort liabil-
ity on theory that only general, not particular, duty was owed
under circumstances. 38 ALR4th 1194.

Governmental tort liability for injuries caused by negligently re-
leased individual. 6 ALR4th 1155.

What amounts to violation of drunken-driving statute in officer's
"presence" or "view" so as to permit warrantless arrest. 74
ALR3d 1138.

1. NEGLIGENCE — DUTY.

   The question of duty in a negligence cause of action is one solely for the court to decide; duty is essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person.

2. NEGLIGENCE — DUTY — POLICE.

   A police officer's duty to preserve the peace is owed to the general public, not to any one individual.

3. NEGLIGENCE — DUTY — POLICE.

   A police officer's duty to restrain intoxicated motorists is owed to the public generally and does not create liability for an individual's injury arising from its breach.

4. NEGLIGENCE — DUTY — POLICE.

   The permissive nature of the statute which provides that a police officer may arrest, without a warrant, a person he has reasonable cause to believe was operating a motor vehicle while under the influence of alcohol on a public highway at the time of an accident does not create an actionable legal duty to individual third parties (MCL 257.625; MSA 9.2325).

*Denfield, Timmer & Taylor* (by *James A. Timmer* and *John W. Cotner*), for plaintiff.

*Taylor, Carter, Butterfield, Riseman, Clark & Howell, P.C.* (by *Carl M. Riseman*), for Dale Tibbitts and the Village of Stockbridge.

*Joseph K. Cox,* of Counsel, for Dale Tibbitts.

Before: BEASLEY, P.J., and CYNAR and R. C. ANDERSON,* JJ.

PER CURIAM. Plaintiff appeals from an order of summary disposition, pursuant to MCR 2.116(C)(8), which dismissed her suit with prejudice. We affirm.

Plaintiff's first amended complaint alleged that on October 10, 1978, Brian Scott Buist, plaintiff's

* Circuit judge, sitting on the Court of Appeals by assignment.

husband, was driving west on M-106 near the intersection of M-106 and Williamsville Road in Livingston County, Michigan. At the same time, Lyndon Risner was driving east on M-106. Risner's car crossed the center line and collided head-on with Buist's vehicle, killing Buist. Shortly before the accident, defendant Dale Tibbitts, the Village of Stockbridge Police Chief and an Ingham County deputy sheriff, had encountered Risner and Risner's car in a ditch on M-106. Tibbitts allegedly observed that Risner was visibly intoxicated. However, Tibbitts did not arrest or detain Risner or disable Risner's car in any way.

Plaintiff's claim alleged that Tibbitts had a duty to arrest Risner or otherwise prevent him from driving, that Tibbitts breached that duty, and that his breach was the proximate cause of the accident. Further, plaintiff alleged that defendant Village of Stockbridge, as Tibbitts' employer, was also liable for the death of Buist.

A motion for summary disposition under MCR 2.116(C)(8) tests the legal basis of a complaint. Unless a complaint is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery, a motion under this subrule should be denied. *Hobrla v Glass,* 143 Mich App 616, 623; 372 NW2d 630 (1985).

The trial judge dismissed plaintiff's complaint and found that Tibbitts' duty was to the public at large and not to any individual. We hold that Tibbitts had no legal duty to Buist. The court properly dismissed the action.

The elements of an action for negligence are: (1) duty, (2) general standard of care, (3) specific standard of care, (4) cause in fact, (5) proximate cause, and (6) damage. *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977). Contrary to plaintiff's assertions, the ques-

tion of duty is one solely for the court to decide. *Id.* Duty is essentially a question whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person.

It is clear that a police officer's duty to preserve the peace is owed to the general public, not to any one individual. *Maksinczak v Salliotte,* 140 Mich App 537, 540; 364 NW2d 737 (1985). The trial court dismissed plaintiff's complaint citing this "public duty" doctrine. Plaintiff argues that defendant Tibbitts' observation of Risner in an intoxicated state created a "special relationship" between defendant and the motoring public, including Buist, under which defendant owed a special duty to any motorist injured by Risner. For support, plaintiff cites the officer's statutory power to place a publicly incapacitated person into custody, MCL 33.6501; MSA 14.15(6501), and power to arrest a motorist who causes an accident while driving intoxicated, MCL 257.625; MSA 9.2325.

We note that one state has adopted plaintiff's argument that the statutory scheme outlining a police officer's duty to arrest drunk drivers creates a "special relationship" with the injured party. *Irwin v Town of Ware,* 392 Mass 745; 467 NE2d 1292 (1984). Anno: *Failure to restrain drunk driver as ground of liability of state or local government unit or officer,* 48 ALR4th 320, § 4, pp 332-333. However, generally a police officer's duty to restrain intoxicated motorists, being a duty owed to the public generally, does not create liability for an individual's injury arising from its breach. 48 ALR4th 320, § 3, p 330. We decline to adopt a broader view. MCL 257.625; MSA 9.2325 provides that an officer *may* arrest, without a warrant, a person he has reasonable cause to believe was operating a motor vehicle while under the influ-

ence of alcohol on a public highway at the time of an accident. The permissive nature of the statute does not create an actionable legal duty to individual third parties. Since an essential element of actionable negligence was missing, i.e., duty, the trial court properly dismissed plaintiff's complaint pursuant to MCR 2.116(C)(8).

Affirmed.