PARLIAMENT CONSTRUCTION COMPANY v BEER PRECAST
CONCRETE, LIMITED

Docket No. 50942. Submitted November 19, 1981, at Detroit.—Decided
April 5, 1982. Leave to appeal applied for.

Casimir Toporek, a construction worker, sustained severe injuries
when he fell from the fourth floor of a commercial office
building which he was helping to construct. Toporek and his
wife brought suit against Parliament Construction Company,
the general contractor on the project, and Burr Lathing and
Plastering, Inc., a subcontractor employed by Parliament to
fireproof the building as it was constructed, in Wayne Circuit
Court alleging that Parliament, as the general contractor, had
failed to maintain a safe workplace, failed to insure that
surface areas were nondangerous, failed to inspect the premises
for safety and failed to provide safe guardrails, and that Burr
was negligent in its fireproofing operations and in its cleanup of
the work area. Parliament brought a cross-claim against Burr
and a third-party claim against Beer Precast Concrete, Limited,
a Canadian corporation which contracted with Parliament to
provide precast concrete panels for the building, for common-
law and contractual indemnity and for contribution. Beer Pre-
cast brought a fourth-party complaint against George H. Davis,
Inc., a subcontractor and employer of Casimir Toporek, for
common-law and contractual indemnity. The court, Roland L.
Olzark, J., entered orders dismissing the claims of the Toporeks
against Burr, severing the claims of Parliament against Burr
and severing the third-party claims of Parliament against Beer
Precast and the fourth-party claims of Beer Precast against

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indemnity § 1.
[2] 41 Am Jur 2d, Indemnity § 20.
  Right of tortfeasor guilty of only ordinary negligence to be indemni-
  fied by one guilty of intentional wrongdoing, wanton misconduct,
  or gross negligence. 88 ALR2d 1355.
[3, 4] 18 Am Jur 2d, Contribution § 55.
  Uniform Contribution Among Tortfeasors Act. 34 ALR2d 1107.
[5] 13 Am Jur 2d, Building and Construction Contracts § 141.
  41 Am Jur 2d, Indemnity § 10.

Davis, Inc. A consent judgment was then entered in favor of the Toporeks against Parliament. Parliament then proceeded to trial against Beer Precast and Burr, and Beer Precast proceeded against Davis, Inc. The trial court ruled that Parliament was not entitled to common-law indemnity against Beer Precast and Burr, and the case went to the jury on Parliament's claims of contribution against Beer Precast and Burr. The jury found that neither Beer Precast nor Burr was negligent and that, although Davis, Inc., was negligent, that negligence was not a proximate cause of Toporek's injuries. An order for a judgment of no cause of action was entered in favor of Beer Precast, Burr, and Davis, Inc. Parliament's motion for a new trial or for a judgment notwithstanding the verdict was denied. Parliament appeals. *Held:*

1. The trial court did not err in striking Parliament's claims of common-law indemnity. Such indemnity is only available to compensate a party held vicariously liable to another through no fault of his own. The Toporeks' complaint alleged active negligence on the part of Parliament.

2. There was no error in the trial court's refusal to apply comparative negligence in this case.

3. There is no merit to Parliament's claim that Beer Precast was negligent as a matter of law and that the trial court should have granted Parliament's motion for judgment notwithstanding the verdict as to Beer Precast.

4. The trial court did not err in striking Parliament's claim for contractual indemnity.

Affirmed.

1. INDEMNITY — COMMON-LAW INDEMNITY.

Common-law indemnity is available only to compensate a party held vicariously liable to another through no fault of his own.

2. INDEMNITY — COMMON-LAW INDEMNITY.

The question of whether a party is passively (vicariously) liable or actively liable for purposes of determining the availability of common-law indemnity is to be determined from the primary plaintiff's complaint.

3. CONTRIBUTION — JOINT TORTFEASORS — COMPARATIVE NEGLIGENCE.

The institution of comparative negligence in Michigan does not affect the rights of contribution among joint tortfeasors (MCL 600.2925a; MSA 27A.2925[1]).

4. CONTRIBUTION — JOINT TORTFEASORS.

Consideration of the relative degrees of fault on the part of

individual tortfeasors is prohibited in determining rights of contribution among joint tortfeasors (MCL 600.2925b; MSA 27A.2925[2]).

5. INDEMNITY — CONSTRUCTION CONTRACTS — SOLE NEGLIGENCE OF INDEMNITEE — PUBLIC POLICY.

An indemnity clause in a construction contract which purports to indemnify the indemnitee for its sole negligence is against public policy and is void (MCL 691.991; MSA 26.1146[1]).

*Kerr, Russell & Weber* (by *James R. Dashiell*), for Parliament Construction Company.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Richard A. Harvey* and *Dale R. Burmeister*), for Beer Precast Concrete, Limited.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Dwight G. Conger* and *Theresa M. Smith*), for George H. Davis, Inc.

*Johnson, Campbell & Moesta* (by *Reginald Johnson*), for Burr Lathing and Plastering, Inc.

Before: CYNAR, P.J., and V. J. BRENNAN and H. E. DEMING,* JJ.

CYNAR, P.J. Third-party plaintiff, Parliament Construction Company, appeals from a judgment of no cause of action entered against it on January 4, 1980, in response to its claims for contribution against third-party defendants, Beer Precast Concrete, Limited, and Burr Lathing and Plastering, Inc.

The instant case arose due to injuries suffered by one Casimir Toporek on May 13, 1975, while he was employed by added party defendant George H. Davis, Inc. Toporek had been working on the construction of a four-story commercial office

---

* Circuit judge, sitting on the Court of Appeals by assignment.

building in Southfield, Michigan, when he fell from the fourth floor, sustaining severe injuries. Third-party plaintiff, Parliament Construction Company, was the general contractor on the project.

The parties to this litigation were as follows:

Casimir Toporek and his wife: the injured workman and his wife, who were the principal plaintiffs;

Parliament Construction Company: the general contractor on the project;

Burr Lathing and Plastering, Inc.: a subcontractor employed by Parliament to fireproof the building as it was constructed;

Beer Precast Concrete, Limited: a Canadian corporation which contracted with Parliament to provide precast concrete panels for the building; and

George H. Davis, Inc.: a subcontractor employed by Beer to install the concrete panels, and the employer of Mr. Toporek.

Toporek testified that he slipped and went through a safety barricade and fell 40 feet to the ground as he was swinging a welding lead in an attempt to toss it to another worker on the roof above him. Toporek testified that he slipped on fireproofing material which had washed down from the beams on the roof because of a rain storm a few days before. This material is very slippery. Other testimony also indicated the existence of fireproofing material on the floor in the area in which Toporek had been working.

Toporek brought suit against Parliament Construction Company and Burr Lathing and Plastering, Inc., alleging that Parliament, as the general contractor, had failed to maintain a safe workplace, failing to insure that surface areas were

nondangerous, failing to inspect the premises for safety, and failing to provide safe guardrails. Toporek alleged that Burr was negligent in its fireproofing operations and in its cleanup of the work area.

Parliament subsequently brought a cross-claim against Burr and a third-party claim against Beer Precast for common-law and contractual indemnity and for contribution. Beer Precast brought a fourth-party complaint against its subcontractor, George H. Davis, Inc., for common-law and contractual indemnity.

On December 6, 1979, an order was entered dismissing the claims of the Toporeks against Burr. This order also severed the claims of Parliament against Burr from the Toporek suit. In another order of the same date, the third-party claims of Parliament against Beer and the fourth-party claims of Beer against Davis were severed.

An order for a consent judgment in favor of the Toporeks against Parliament was entered on December 17, 1979. The claims of the Toporeks were settled for $540,000.

Parliament then proceeded to trial against Beer and Burr, and Beer proceeded against Davis.

After the evidence had been presented, motions were made for directed verdicts on Parliament's theories of common-law indemnity, contractual indemnity and contribution against Beer and Burr. The trial judge ruled that Parliament was not entitled to pursue its claims of common-law indemnity against Beer and Burr. The case went to the jury on Parliament's claims of contribution against Beer and Burr.

In response to special questions, the jury found that Beer was not negligent, that Burr was not negligent, and that, although Davis was negligent,

Davis's actions were not a proximate cause of Toporek's injuries.

An order for a judgment of no cause of action as to Beer, Burr and Davis was entered against Parliament on January 4, 1980.

Parliament's motion for a new trial or for a judgment notwithstanding the verdict was denied on March 28, 1980.

Parliament then brought this appeal as of right.

I

The trial court did not err in striking Parliament Construction Company's claims of common-law indemnity. Such indemnity is only available to compensate a party held vicariously liable to another through no fault of his own. *Peeples v Detroit,* 99 Mich App 285, 292; 297 NW2d 839 (1980). Whether a party is "passively" (vicariously) liable or "actively" liable for purposes of determining the availability of common-law indemnity is to be determined from the primary plaintiff's complaint. *Id.,* 292-293.

The primary plaintiff's complaint alleged active negligence, and the trial court properly dismissed Parliament's common-law claim of indemnity for that reason.

There is no merit to Parliament's assertion that a judgment of liability determining its active negligence is required to defeat its common-law indemnity claim. Although such a judgment was mentioned in *Darin & Armstrong v Ben Agree Co,* 88 Mich App 128, 133; 276 NW2d 869 (1979), *lv den* 406 Mich 1007 (1979), it was clearly not necessary to the decision, and subsequent cases have relied on the primary plaintiff's complaint as the source

for determining active negligence. *Brown v Unit Products Corp,* 105 Mich App 141, 145-147; 306 NW2d 425 (1981). *Duhame v Kaiser Engineering of Michigan, Inc,* 102 Mich App 68, 71-72; 300 NW2d 737 (1980).

Parliament's contention that *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974), in which the Supreme Court enunciated the general principle that the ultimate responsibility for safety in a common work area lies with the general contractor, is limited to situations where no safety precautions of any kind were taken has been rejected in *Tulkku v Mackworth Rees Division of Avis Industries, Inc,* 406 Mich 615, 621; 281 NW2d 291 (1979). Testimony at trial established Parliament's responsibility for safety equipment on the project, and specifically for the safety barricades, one of which was allegedly either faulty or not in place at the point where the primary plaintiff fell from the building.

In any event, Parliament's claim of common-law indemnity would not have succeeded. By special verdict, both Beer and Burr were found not to have been negligent, and Davis's negligence was found not to be a proximate cause of the primary plaintiff's injuries.

II

Parliament claims that the trial court should have applied comparative negligence to the instant case.

Parliament's arguments on this point are unpersuasive. The institution of comparative negligence, *Placek v Sterling Heights,* 405 Mich 638; 275

NW2d 511 (1979), does not affect the rights of contribution among joint tortfeasors as set forth in . MCL 600.2925a; MSA 27A.2925(1). *Friend v Campbell,* 102 Mich App 278, 284; 301 NW2d 503 (1980), *Weeks v Feltner,* 99 Mich App 392; 297 NW2d 678 (1980). Consideration of the relative degrees of fault on the part of individual tortfeasors is prohibited in determining rights of contribution among joint tortfeasors. MCL 600.2925b; MSA 27A.2925(2).

Since there was no error in the trial court's refusal to apply comparative negligence, we need not reach the question of whether the issue is moot by reason of the jury findings that none of the parties from whom Parliament claims contribution were liable. It appears, however, that this fact would ultimately defeat any claim of contribution.

### III

There is no merit to Parliament's claim that Beer was negligent as a matter of law and that the trial court should therefore have granted Parliament's motion for judgment notwithstanding the verdict as to Beer.

This claim fails because there is no support for a finding of proximate cause. We do not accept Parliament's contention that the trial court's denial of the motion in question contradicts the jury's special finding that the negligence of Davis was not a proximate cause of the accident. This consideration is sufficient to deal with the issue, although there are several other flaws in Parlia-

ment's argument on this issue which we find unnecessary to mention.

## IV

Finally, the trial court did not err in striking Parliament's claim for contractual indemnity. The indemnity clause which Parliament relies upon in the instant case is identical to the one in *Peeples, supra,* where it was found not to be specific and clear enough to support an inference of an intention to indemnify a general contractor against its own negligence.

Even if the matter were remanded to the trial court for further findings of fact on the parties' intentions, the language could not be construed to indemnify Parliament for its *sole* negligence because that would be void as against public policy pursuant to MCL 691.991; MSA 26.1146(1). See also *Hayes v General Motors Corp,* 106 Mich App 188, 194; 308 NW2d 452 (1981).

Because the jury found no negligence on the part of Beer and Burr, they are not available to indemnify Parliament because to do so would be to indemnify Parliament for its own sole negligence. Therefore, any error the trial court made in refusing to allow the question of contractual indemnity to go to the trier of fact was rendered harmless by the jury's subsequent finding of no negligence by the parties from whom Parliament seeks contractual indemnification.

For these reasons, we conclude that there was no reversible error committed by the trial court in the instant case. The judgment against Parliament Construction Company is affirmed.