GRAYSON v CHAMBERSBURG ENGINEERING COMPANY

Docket No. 73252. Submitted April 18, 1984, at Detroit.—Decided October 18, 1984.

Charles Grayson, an employee of Huron Forge & Machine Company, was injured when a 3,000-pound forging hammer dropped onto his hand. He filed a complaint against Chambersburg Engineering Company, the manufacturer of the hammer, in Wayne Circuit Court alleging negligence in the design and manufacture of the hammer and breach of express and implied warranties in that Chambersburg allegedly failed to provide a safety device sufficient to prevent the hammer from inadvertently falling onto the anvil. Chambersburg filed a third-party complaint against Huron Forge seeking indemnification under a theory of implied contract, alleging that an implied contract of indemnity arose because Huron Forge expressly represented to Chambersburg that it would equip its forging hammer with safety wedges and because Huron Forge accepted blueprints for the recommended safety equipment in lieu of purchasing the wedges from Chambersburg. Huron Forge moved for summary judgment on the third-party claim. The trial court, Susan D. Borman, J., granted Huron Forge's motion for summary judgment on the ground that an express undertaking by Huron Forge to equip the hammer with safety wedges was a necessary requirement of Chambersburg's claim of indemnity under an implied contract and that Chambersburg had presented no evidentiary support for its claim of an express undertaking. The trial court rejected two other grounds advanced by Huron

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

[2] 41 Am Jur 2d, Indemnity §§ 2, 19.

[3] 41 Am Jur 2d, Indemnity §§ 17, 25.

Right of manufacturer or seller to contribution or indemnity from user of product causing injury or damage to third person, and vice versa. 28 ALR3d 943.

[4] 41 Am Jur 2d, Indemnity § 20.

[5] 41 Am Jur 2d, Indemnity § 21.

Right of tortfeasor guilty of only ordinary negligence to be indemnified by one guilty of intentional wrongdoing, wanton misconduct, or gross negligence. 88 ALR2d 1355.

Forge. Chambersburg appeals from the order granting summary judgment in favor of Huron Forge. Huron Forge cross-appeals from the trial court's rejection of the two alternate grounds for its motion for summary judgment. *Held:*

1. Summary judgment on the ground that there was no genuine issue of material fact was improperly granted in favor of Huron Forge. There was a genuine factual issue as to whether Huron Forge expressed an intent to undertake an act or service for the manufacturer regarding the safety device.

2. The fact that the principal complaint alleged active negligence on the part of Chambersburg was not enough, by itself, to entitle Huron Forge to summary judgment. The trial court properly denied Huron Forge's motion for summary judgment on this ground.

3. Huron Forge's contention that recovery under an implied contract was unavailable to Chambersburg since the express undertaking alleged by Chambersburg did not occur until several years after the sale of the forging hammer is rejected. If an employer, subsequent to its purchase of a machine, clearly represents to the manufacturer that it will provide its own safety device instead of the one the manufacturer designed subsequent to the manufacture and purchase of the machine, the employer should not be relieved of responsibility merely because the representation occurred subsequent to the purchase of the machine. The trial court properly rejected Huron Forge's motion for summary judgment on this ground.

Reversed and remanded for trial.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — GENUINE ISSUE OF MATERIAL FACT — COURT RULES.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact tests whether there is factual support for a claim and is to be tested by the pleadings, affidavits, depositions, admissions and other documentary evidence available to the court and is properly granted only where it is impossible for the claim asserted to be supported by evidence at trial (GCR 1963, 117.2[3]).

2. INDEMNITY — COMMON LAW — CONTRACTS — IMPLIED CONTRACTS.

The right to indemnity can arise from three possible sources: the common law, an implied contract, and an express contract.

3. INDEMNITY — IMPLIED CONTRACT OF INDEMNITY.

A third-party action based on an implied contract of indemnity by a manufacturer against an employer which neglected to equip a machine produced by the manufacturer with a safety

device as it allegedly agreed to do, resulting in injury to an employee and the filing of a lawsuit by the employee against the manufacturer, requires: (1) a specific undertaking by the employer to perform some act or service for the manufacturer and (2) an attempt by an employee of the employer to hold the manufacturer liable for the failure to perform the act which the employer had obligated itself to do.

4. INDEMNITY — IMPLIED CONTRACT OF INDEMNITY.

A right to indemnity under a theory of implied contract may arise only from the conduct of the parties or from their special relationship.

5. INDEMNITY — IMPLIED CONTRACT OF INDEMNITY — ACTIVE NEGLIGENCE.

Recovery under an implied contract of indemnity is not available to a party who is not free from active negligence.

*Fitzgerald, Hodgman, Kazul, Rutledge, Cawthorne & King, P.C.* (by *Alvin A. Rutledge*), for Chambersburg Engineering Company.

*Joselyn, Rowe, Jamison, Grinnan, Callahan & Hayes, P.C.* (by *James J. Hayes, Jr.*), for Huron Forge & Machine Company.

Before: SHEPHERD, P.J., and BEASLEY and W. J. CAPRATHE,* JJ.

PER CURIAM. Third-party plaintiff Chambersburg Engineering Company appeals as of right from the trial court's order granting summary judgment in favor of third-party defendant Huron Forge & Machine Company under GCR 1963, 117.2(3). Huron Forge cross-appeals from the trial court's rejection of two alternate grounds for its motion for summary judgment.

On September 8, 1978, plaintiff, an employee of Huron Forge, was injured when a 3,000-pound forging hammer dropped onto his hand. Plaintiff filed this action against Chambersburg alleging

---

* Circuit judge, sitting on the Court of Appeals by assignment.

negligence in the design and manufacture of the hammer and breach of express and implied warranties in that Chambersburg allegedly failed to provide a safety device sufficient to prevent the hammer from inadvertently falling onto the anvil. Chambersburg sold the hammer to Huron Forge in 1946, at which time the safety device in question had not been designed. Chambersburg apparently began selling new hammers equipped with safety wedges in 1968.

Chambersburg filed a third-party complaint against Huron Forge seeking indemnification under a theory of implied contractual indemnity. Chambersburg's amended complaint alleged that an implied contract of indemnity arose because Huron Forge expressly represented to Chambersburg that it would equip its forging hammers with safety wedges and because Huron Forge accepted blueprints for the recommended safety equipment in lieu of purchasing the wedges from Chambersburg.

Huron Forge moved for summary judgment pursuant to GCR 1963, 117.2(1) and (3). The trial court declined to rule on the motion under subrule (1), and denied the motion under subrule (3) on the basis of an affidavit submitted by Russell Hartner, an employee of a Chambersburg distributor, which averred that "there was an express representation by one or more employees of Huron Forge and Machine Company that Huron would fabricate the necessary safety wedges and perform the machining on the ram guides, rather than purchasing the ram safety wedges from the machine manufacturer, if necessary, Chambersburg Engineering Company". The motion was denied without prejudice in order to allow Huron Forge to depose Mr. Hartner.

Subsequent to the taking of Mr. Hartner's depo-

sition, Huron Forge renewed its motion for summary judgment. Following a hearing, the trial court concluded that an express undertaking by Huron Forge to equip the hammer with safety wedges was a necessary requirement of Chambersburg's implied contractual indemnity claim and that Chambersburg had presented no evidentiary support for its claim of an express undertaking. The trial court rejected two other grounds advanced by Huron Forge, which are the subject of Huron Forge's cross-appeal.

### Chambersburg's appeal

The trial court made clear that Huron Forge's motion was granted under GCR 1963, 117.2(3) only. A motion based on subrule (3) is designed to test whether there is factual support for a claim. *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978). In passing upon a motion under this subrule, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available to it. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). Before the judgment may properly be granted the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. The trial court must carefully avoid making findings of fact under the guise of determining that no issues of material fact exist. *Partrich v Muscat, supra.*

Three possible sources of a right to indemnity have been recognized in Michigan: the common law, an implied contract, and an express contract. *Skinner v D-M-E Corp,* 124 Mich App 580, 584; 335 NW2d 90 (1983). This case involves the second type, an implied contract of indemnity. This theory requires two bases for a cause of action. The

manufacturer must prove a specific undertaking by the employer to perform some act or service for the manufacturer and an attempt by the employee of the employer to hold the manufacturer liable for the failure to perform the act which the employer had obligated itself to do. *Cutter v Massey-Ferguson, Inc,* 114 Mich App 28, 35; 318 NW2d 554 (1982); *Bullock v Black & Decker, Inc,* 502 F Supp 580 (ED Mich, 1980). A right to indemnity under a theory of implied contract may arise only from the conduct of the parties or from their special relationship. *Skinner, supra,* p 586.

At the hearing on Huron Forge's motion following the taking of Mr. Hartner's deposition, the trial court concluded that Chambersburg had failed to provide factual support for a finding that Huron Forge expressly undertook to equip the hammer with safety wedges. We find this decision to be clearly erroneous. The amended third-party complaint and Mr. Hartner's affidavit aver such an express representation by Huron Forge. Although Mr. Hartner's subsequent deposition is somewhat internally inconsistent and is subject to differing interpretations, we find that a genuine factual issue exists as to whether Huron Forge expressed an intent to undertake an act or service for the manufacturer regarding the safety device. Summary judgment was improperly granted under subrule 117.2(3).

### HURON FORGE'S CROSS-APPEAL

Huron Forge asserts in its cross-appeal that the trial court erred in rejecting two alternative theories for summary judgment. Huron Forge first contends that it was entitled to summary judgment because the principal complaint alleged active negligence on the part of Chambersburg. It

argues that the allegation of active negligence in the principal complaint bars a finding of an implied contract of indemnity.

It is true that indemnification under a theory of implied agreement is not available to a party who is proven to be actively negligent in causing the plaintiff's injury. *Skinner, supra,* p 585. This does not mean, however, that a third-party defendant is entitled to summary judgment merely because one of the allegations in the principal plaintiff's complaint alleges active negligence against the third-party plaintiff. Of course, if Chambersburg is ultimately held liable for plaintiff's injury due to its negligent design and manufacture of the hammer, no right of indemnification would arise since Chambersburg would have been found to be actively negligent. However, the principal plaintiff's complaint also alleges that Chambersburg breached certain express and implied warranties. If Chambersburg is found liable on these grounds, rather than on the basis of active negligence, indemnification under an implied contract theory would be available. The trial court correctly found that this was not a proper matter for summary judgment. See *Skinner, supra,* p 589.

Huron Forge also contends that the implied contractual indemnity theory was unavailable since the express undertaking alleged by Chambersburg did not occur until several years after the sale of the forging hammer. Huron Forge argues that the representation must occur contemporaneously with the sale of the product in order to establish liability under this theory. Huron Forge has presented no applicable authority or convincing rationale for such an approach. We believe such a broad rule would contradict the policies supporting the implied contractual indem-

nity theory. If an employer, subsequent to its purchase of a machine, clearly represents to the manufacturer that it will provide its own safety device instead of the one the manufacturer designed subsequent to the manufacture and purchase of the machine, the employer should not be relieved of responsibility merely because the representation occurred subsequent to the purchase of the machine. We find that the trial court properly rejected Huron Forge's alternative arguments for summary judgment.

Reversed and remanded for trial.