ISABELLA COUNTY v STATE OF MICHIGAN

Docket No. 101899, 101938. Submitted November 2, 1988, at Grand
   Rapids. Decided August 11, 1989.

   Rodney L. Converse was injured in an automobile accident in
   Isabella County when the car he was driving was struck at an
   intersection by another car. The other car, driven by Joseph
   Woodrow, was supposed to stop at the intersection. Woodrow
   failed to stop at the intersection because the stop sign which
   was supposed to be posted at the intersection was missing. It
   had been knocked down a week earlier by another automobile,
   driven by David A. Bohannon, and had never been replaced.
   Converse filed suit against Isabella County and the Isabella
   County Board of County Road Commissioners in Isabella Cir-
   cuit Court alleging that the county and the board had a duty to
   maintain highways under their jurisdiction in a safe condition
   and that they knew about the absence of the stop sign but
   failed to replace it. The county and the board then filed a third-
   party complaint against the State of Michigan, the Department
   of State Police and two state troopers, alleging that the earlier
   accident in which the sign had been knocked down had been
   investigated by the two troopers and that they had not repaired
   the sign or notified the proper authorities about its condition.
   The county and board sought contribution and indemnity on
   the basis that the negligence of the troopers had been the
   proximate cause of the second accident. The third-party com-
   plaint also added David A. Bohannon and Donald Woodrow, the
   administrator of the estate of Joseph Woodrow, as third-party
   defendants. The county and the board then filed suit against
   the state in the Court of Claims. The allegations in the Court of
   Claims complaint and the defendants named were the same as
   in the third-party complaint in the circuit court action. Con-
   verse moved to sever his claim from the third-party claims of
   the county and the board. The motion was granted, Paul F.

REFERENCES

Am Jur 2d, Indemnity §§ 20, 21; Municipal, County, School, and
   State Tort Liability §§ 194-196, 285, 286, 290.
See the Index to Annotations under Governmental Immunity or
   Privilege; Indemnity; Police and Law Enforcement Officers;
   Traffic Signals or Signs.

O'Connell, J. The third-party action and the Court of Claims action were then consolidated but retained separate docket numbers. The state, the state police and the two troopers moved for summary judgment in the Court of Claims on, *inter alia,* the ground that a claim for contribution or indemnity is barred by governmental immunity. Amended third-party complaints were filed in both the circuit court and the Court of Claims adding two more state troopers, Philip Frey and John Bassett, as defendants. Two motions were made by the county and the board, one for reconsideration and one for summary judgment. Following a hearing, the Isabella Circuit Court, Paul F. O'Connell, J., rejected the motions of the county and board but granted the defendants' motion for summary judgment, ruling that governmental immunity bars a claim for contribution against the state or the state police and that the individual troopers were protected by governmental immunity because they were acting in the course of their employment at the time their allegedly negligent acts occurred. The county and the board appealed. The Court of Appeals affirmed, 126 Mich App 331 (1983). The Supreme Court vacated and remanded to the circuit court, 422 Mich 899 (1985). On remand, the Court of Claims granted summary disposition in favor of the state and the state police, Paul F. O'Connell, J. The circuit court dismissed the claims against all the officers except Philip Frey, Paul F. O'Connell, J. Isabella County appealed from the order of the Court of Claims and Philip Frey appealed by leave granted from the order of the circuit court denying his motion for summary disposition. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. The reporting of road signs downed by an accident being investigated by a police officer is a governmental function for which governmental immunity is applicable as a defense to tort liability. For damages caused by that act the police department is entitled to immunity from tort liability.

2. The Court of Claims did not err in dismissing the county's claim for indemnity against the state and the state police. Indemnity did not fit the factual situation since it requires the existence of a special relationship. Further, the complaint alleged active negligence on the part of the county, and indemnity is not available to an actively negligent party.

3. The circuit court erred in denying Officer Frey's motion for summary judgment. A police officer's duty is to the general public. No individual member of the public may recover in tort for its breach.

Affirmed in Docket No. 101899 and reversed in Docket No. 101938.

1. GOVERNMENTAL IMMUNITY — HIGHWAYS — POLICE DEPARTMENTS — ROAD SIGNS.

The reporting of road signs downed by an accident being investigated by a police officer is a governmental function for which governmental immunity is applicable as a defense to tort liability (MCL 28.6; MSA 4.436).

2. TORTS — GOVERNMENTAL ENTITIES — VICARIOUS LIABILITY.

A governmental entity may be vicariously liable for the torts of its employees only where the employees have been acting in the course of their employment, within the scope of their authority, and have committed torts while engaged in an activity which is nongovernmental or proprietary in nature or which falls within a statutory exception.

3. INDEMNITY — IMPLIED CONTRACT.

An implied contract to indemnify arises only if there is a special relationship between the parties or a course of conduct whereby one party undertakes to perform a certain service and impliedly assures indemnification.

4. INDEMNITY — IMPLIED CONTRACT — ACTIVE NEGLIGENCE.

Recovery under an implied contract of indemnity is not available to a party who is not free from active negligence.

5. NEGLIGENCE — DUTY — POLICE OFFICERS.

A police officer's duty to preserve the peace is owed to the general public and not any individual, although a person, irrespective of his or her status as a police officer, may owe a duty to an individual if a "special relationship" existed between the parties which the law recognizes and defines as including a duty to conform to a particular standard of conduct.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*), for Isabella County Board of County Road Commissioners.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *A. Michael Leffler,* Assistant in Charge, and *Eric J. Eggan,* Assistant Attorney General, for State of Michigan, Department of State Police, Frank Best, Richard Demerse, Philip Frey and John Bassett in Docket No. 101899, and *John M. Cahill,* Assistant Attorney General, for Philip Frey in Docket No. 101938.

Before: Wahls, P.J., and McDonald and R. I. Cooper,* JJ.

Per Curiam. This appeal arises out of a complaint and third-party complaint filed by Isabella County and its Board of County Road Commissioners (Isabella County), against defendants and third-party defendants seeking contribution or indemnity.

The facts precipitating the filing of this case are detailed in *Converse v Isabella Co,* 126 Mich App 331; 336 NW2d 918 (1983), vacated 422 Mich 899; 368 NW2d 241 (1985) (*Converse I*), and in *Converse v Isabella Co,* unpublished opinion per curiam of the Court of Appeals, decided March 10, 1988 (Docket No. 95238) (*Converse II*). Briefly, on January 1, 1977, David Bohannon's pickup truck struck a stop sign located at an intersection in Isabella County. Bohannon reported the downed sign to the Michigan State Police. After investigating the accident and unsuccessfully attempting to reposition the sign, state police officers radioed a dispatcher at the state police post, Officer Philip Frey, and requested that the downed sign be reported to the Isabella County Road Commission. Officer Frey attempted to reach the road commission, but received no answer, apparently due to the early morning hour. On January 8, 1977, the sign still had not been repositioned or replaced. On that date, Rodney Converse sustained injuries in an accident at the intersection. Converse subsequently filed suit against Isabella County. The county filed complaints for contribution and indemnification against the defendants and third-party defendants in the Court of Claims and Isabella Circuit Court. By stipulation, these actions were consolidated for all purposes except trial.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In *Converse I, supra,* this Court affirmed judgments of dismissal entered in favor of third-party defendants State of Michigan, Department of State Police, and four state police officers. The Supreme Court, in lieu of granting leave to appeal, vacated the case and remanded it to the trial court for reconsideration in view of *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), reh den 421 Mich 1202 (1985). *Converse v Isabella Co,* 422 Mich 899; 368 NW2d 241 (1985). On remand, the state, the state police, the individual officers, and defendant Bohannon again filed motions for summary disposition in the circuit court and Court of Claims cases. In *Converse II,* this Court affirmed an order dismissing Isabella County's claim for contribution against Bohannon. The Court of Claims granted summary disposition in favor of the state and state police on the ground of governmental immunity. Moreover, the circuit court dismissed the claims against all the individual officers except Officer Frey. In the instant appeal, Isabella County appeals as of right from the order of the Court of Claims granting summary disposition in favor of the state and state police, while Officer Frey appeals by leave granted from the order of the circuit court denying his motion for summary disposition.

I. *Did the Court of Claims err in dismissing Isabella County's claim for contribution against the state and state police?*

Isabella County's claim for contribution against the state and state police was based on the contribution statute, MCL 600.2925(a); MSA 27A.2925(1). The right to contribution is controlled entirely by statute. *Reurink Bros Star Silo, Inc v Clinton Co Road Comm'rs,* 161 Mich App 67, 70; 409 NW2d 725 (1987). In July, 1986, Isabella County settled the suit brought against it by Converse. Under

subsection (4) of § 2925a, in a contribution action commenced by a tortfeasor who has entered into a settlement with a claimant, in addition to specific defenses regarding notice of the settlement and settlement procedures, the defendant is entitled to assert "any other defense he may have to his alleged liability for such injury or wrongful death." The defense asserted by the state and state police is governmental immunity under MCL 691.1407; MSA 3.996(107) as construed by the Michigan Supreme Court in *Ross, supra.*

A governmental agency is entitled to governmental immunity when it is engaged in the exercise or discharge of a governmental function. MCL 691.1407; MSA 3.996(107). "[A] governmental function is an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law." *Ross, supra,* p 620. The Legislature intended the term "governmental function" to be interpreted broadly. *Ross, supra,* p 618. The operation of the state police is authorized by statute:

> The commissioner and each officer of the department are hereby individually vested with the powers of a conservator of the peace.
>
> * * *
>
> The commissioner and all officers of said department shall have and exercise all the powers of deputy sheriffs in the execution of the criminal laws of the state and of all laws for the discovery and prevention of crime and shall have authority to make arrests without warrants for all violations of the law committed in their presence including *laws designed for the protection of the public in the use of the highways of the state,* and to serve and execute all criminal process. It shall be their duty to cooperate with other state authorities and local authorities in the detecting of crime, apprehending of criminals, and preserving law and or-

der throughout the state. [Emphasis added. MCL 28.6; MSA 4.436.]

The operation of a police department is a governmental function. *Hill v City of Saginaw,* 155 Mich App 161, 170; 399 NW2d 398 (1986).

Isabella County cites *Richardson v Jackson Co,* 159 Mich App 766; 407 NW2d 74 (1987), lv gtd 430 Mich 857 (1988), in support of its contention that contacting the county road commission about the downed sign was not a state police governmental function. In *Richardson,* this Court held that, while the operation of a park is a governmental function, the operation of a public beach within the park is not. *Richardson, supra,* p 773. Even if *Richardson* were correctly decided (the Michigan Supreme Court has granted leave in the case), *Richardson* is distinguishable from the instant case. The operation of a park and the operation of a swimming area are separate functions. A state police officer's job of protecting highway safety, however, encompasses both the investigation of a traffic accident and the reporting of a downed sign to the responsible authority. In other words, the investigation of a traffic accident and the reporting of a sign downed as a result of the accident are integrated, not separate, functions which fall within a state police officer's duty to help ensure the maintenance of safe highways.

Isabella County also argues that the state and state police should be held vicariously liable for the actions of its officers. In *Ross, supra,* pp 591-592, the Supreme Court enunciated the prerequisites to the establishment of respondeat superior liability:

Vicarious liability for all other torts may be imposed on a governmental agency only when its

officer, employee, or agent, acting during the course of his employment and within the scope of his authority, commits a tort while engaged in an activity which is non-governmental or proprietary, or which falls within a statutory exception.

Accord, *Lockett v Detroit Police Dep't,* 164 Mich App 466, 477; 417 NW2d 531 (1987); *Meadows v Detroit,* 164 Mich App 418, 431; 418 NW2d 100 (1987). As previously discussed, the state police officers were performing a governmental function when they undertook to investigate the accident and report the downed sign. Thus, neither the state nor the state police could be held vicariously liable for the officers' activities.

In summary, the Court of Claims correctly dismissed on the ground of governmental immunity Isabella County's claim for contribution from the state and state police.

II. *Did the Court of Claims err in dismissing Isabella County's claim for indemnity against the state and state police?*

Isabella County argues that it is entitled to indemnification by the state or state police under an implied contract to indemnify. We disagree.

An implied contract to indemnify arises only if there is "a special relationship between the parties or a course of conduct whereby one party undertakes to perform a certain service and impliedly assures indemnification." *Palomba v East Detroit,* 112 Mich App 209, 217; 315 NW2d 898 (1982). [*Skinner v D-M-E Corp,* 124 Mich App 580, 585; 335 NW2d 90 (1983).]

The record fails to disclose a factual basis from which to infer that the state or state police in any way implicitly assured the county of indemnification.

Furthermore, implied contractual indemnification is not available to a party who was actively negligent in causing the primary plaintiff's injury. *Williams v Litton Systems, Inc,* 164 Mich App 195, 199; 416 NW2d 704 (1987), lv gtd 430 Mich 859 (1988); *Skinner, supra,* p 585. While certain panels of this Court have expressed disagreement with this principle, see, e.g, *Hill v Sullivan Equipment Co,* 86 Mich App 693; 273 NW2d 527 (1978), lv den 406 Mich 880 (1979), we believe this principle accurately states the current law of this state. *Langley v Harris Corp,* 413 Mich 592, 596-597; 321 NW2d 662 (1982); *Dale v Whiteman,* 388 Mich 698, 704-706; 202 NW2d 797 (1972); *Williams, supra,* pp 200-202. The complaint filed by Converse against Isabella County alleges active negligence by the county. Accordingly, the county's claim of implied contractual indemnity is precluded. *Williams, supra,* pp 198-199.

III. *Did the circuit court err in denying Officer Frey's motion for summary disposition on Isabella County's claim for contribution?*

Officer Frey did not assert governmental immunity as a defense to Isabella County's claim for contribution. Rather, Officer Frey argued that he could not be held liable in tort to the primary plaintiff because, as a matter of law, he owed no duty to Mr. Converse. To be held liable for a contribution claim, Frey must have owed a duty to Converse, the primary plaintiff. *Caldwell v Fox,* 394 Mich 401, 418-420; 231 NW2d 46 (1975). Frey bases his argument on a long line of appellate opinions holding that a police officer's duty to preserve the peace is owed to the general public and not to any one individual. See *Eichhorn v Lamphere School Dist,* 166 Mich App 527, 545; 421 NW2d 230 (1988), lv den 431 Mich 861 (1988); *Simonds v Tibbitts,* 165 Mich App 480, 483; 419

NW2d 5 (1987); *Maksinczak v Salliotte,* 140 Mich App 537, 540; 364 NW2d 737 (1985); *Zavala v Zinser,* 123 Mich App 352, 356; 333 NW2d 278 (1983), aff'd sub nom *Ross v Consumers Power Co (On Rehearing), supra.* These cases have established that a police officer's duty to preserve the peace is owed to the general public and not any individual, although a person, irrespective of his or her status as a police officer, may owe a duty to an individual if a "special relationship" existed between the parties which the law recognizes and defines as including a duty to conform to a particular standard of conduct. See Anno: *Modern status of rule excusing governmental unit from tort liability on theory that only general, not particular, duty was owed under circumstances,* 38 ALR4th 1194.

In the present case, we do not believe that sufficient facts were revealed at the trial level demonstrating that Officer Philip Frey and Rodney Converse shared a "special relationship" such as to have obligated Officer Frey to have conformed to a particular standard of conduct toward Mr. Converse. Certainly, in his capacity as a dispatcher at a state police post, Officer Frey owed a duty to the general public to nonnegligently inform the appropriate authorities of a stop sign reported to have been destroyed during a traffic accident. That duty to the general public, however, should not be viewed as having been transformed into a duty to any particular individual, such as Mr. Converse, merely because, as a result of a breach of the duty to the general public, a particular individual suffered injury. Such a view only permits the general rule to be subsumed by its exception, i.e., it permits the rule that a police officer's duty to preserve the peace is owed to the general public to be ignored on the basis of the existence of a "special

relationship" between the officer and a particular individual whenever the latter suffers an injury traceable to the officer's failure to have acted in conformity with his duty to the general public.

In conclusion, in Docket No. 101899, we affirm the order of the Court of Claims granting summary disposition in favor of the state and state police, and in Docket No. 101938, we reverse the order of the circuit court denying summary disposition in favor of Officer Frey.

Affirmed in part and reversed in part.