GRUETT v TOTAL PETROLEUM, INC

Docket No. 108730. Submitted August 9, 1989, at Lansing. Decided
February 6, 1990. Leave to appeal applied for.

John S. Gruett was injured in the course of his employment as a
pipe fitter for Carmac Contractors, Inc., when a paint can and
other debris ignited while he was working in a reactor unit at a
refinery plant owned by Total Petroleum, Inc. John and Sandra
Gruett filed an action for damages in Saginaw Circuit Court
against Total Petroleum, claiming liability arose out of Total
Petroleum's negligence, Total Petroleum's failure to protect
against a known inherently dangerous activity, or Total Petro-
leum's gross negligence or wilful and wanton misconduct. Total
Petroleum brought a third-party indemnity action against Car-
mac Contractors, claiming either express contractual indemnity
based upon the written agreement of Carmac Contractors to
assume liability and hold Total Petroleum harmless for dam-
ages "caused by the contractor, his agents or employees" or
implied contractual indemnity. Carmac Contractors moved for
summary disposition of the indemnity claim on the basis that
Total Petroleum was not entitled to indemnity as a matter of
law. The trial court, Robert S. Gilbert, J., granted the motion
for summary disposition, finding that the underlying action
against Total Petroleum was based only upon claims of active
negligence by Total Petroleum, that the written agreement did
not provide indemnity for Total Petroleum's own negligence
and that implied contractual negligence is not available where
the indemnitee is actively negligent. Total Petroleum appealed.

The Court of Appeals *held:*

1. An express indemnity contract is to be strictly construed
against the drafter and against the indemnitee. The indemnity
agreement here clearly was not intended to provide indemnifi-
cation for damages arising out of Total Petroleum's negligence.

2. Implied contractual indemnity is available only where the
indemnitee is free from active negligence. Since the underlying

REFERENCES
Am Jur 2d, Indemnity §§ 15, 16, 21, 24.
See the Index to Annotations under Building and Construction
Contracts and Work; Indemnity.

action against Total Petroleum is based solely upon allegations of active negligence by Total Petroleum, the basis for any indemnity claim would necessarily be premised on active negligence by Total Petroleum. Accordingly, as a matter of law, a claim of implied contractual indemnity is not viable.

Affirmed.

1. INDEMNITY — CONTRACTS — JUDICIAL CONSTRUCTION.

An express indemnity contract is to be strictly construed against the drafter and against the indemnitee.

2. INDEMNITY — IMPLIED CONTRACT OF INDEMNITY — ACTIVE NEGLIGENCE — PLEADING.

Indemnity on the basis of an implied contract of indemnity is available only to a party who is free from active negligence; accordingly, a trial court properly dismisses a claim based on an implied contract of indemnity where the underlying action against the party seeking indemnity is based upon that party's active negligence rather than upon vicarious liability.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe*), for Total Petroleum, Inc.

*Chasnis, Dogger & Grierson, P.C.* (by *John A. Chasnis*), for Carmac Contractors, Inc.

Before: MURPHY, P.J., and NEFF and G. S. ALLEN,* JJ.

PER CURIAM. Third-party plaintiff Total Petroleum appeals as of right from an order of the lower court granting third-party defendant Carmac Contractors' motion for summary disposition pursuant to MCR 2.116(C)(10), no genuine issue of material fact. We affirm.

Plaintiffs John and Sandra Gruett filed suit against Total Petroleum for injuries John received while employed as a pipe fitter by Carmac Contractors. John was working in a reactor unit at Total's refinery plant near Alma, Michigan. John

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

was welding fastener clips onto the interior wall surface of the reactor unit along with six to ten other workers. Various scaffolds were placed inside the reactor unit to allow for multiple-level welding. Debris, consisting of papers, boxes, lunch wrappers and spray paint cans, had accumulated at the bottom of the reactor. The spray paint cans were inflammable and explosive.

Plaintiffs' complaint alleged that on September 27, 1985, one of the spray cans fell from a platform to the floor of the reactor, causing it to discharge a highly flammable vapor which, in turn, was ignited by welding sparks. The accumulated debris also was ignited by the sparks. Plaintiff attempted to locate a fire extinguisher and, when one could not be found, plaintiff began to attempt to stomp out the fire. While he was stomping on the debris, another paint can exploded, spraying plaintiff and causing severe burning and other injuries.

Plaintiffs alleged three counts against Total: (I) negligence, (II) inherently dangerous activity (i.e., Total had breached its duty to guard and protect against such known and inherently dangerous activity whereby it was guilty of negligence), and (III) gross negligence/wilful, wanton misconduct.

Total was granted leave to file a third-party complaint against Carmac which alleged that Carmac agreed to assume all liability and hold Total Petroleum harmless for injuries or property damage on the job site caused by Carmac, or Carmac's agents or employees. In addition, Total alleged that it was free of any active negligence. Total also alleged that, based upon the express promises and agreements between Total Petroleum and Carmac, it was entitled to express contractual indemnification or implied contractual indemnification from

Carmac, in the event the Gruetts prevailed in a judgment against Total.

Carmac moved for summary disposition pursuant to MCR 2.116(C)(10), claiming that plaintiffs had no personal injury action against Carmac because of the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131), and that Total was not entitled to any type of indemnification from Carmac. Finally, Carmac claimed that the indemnity agreement between Total and Carmac was deficient as a matter of law.

The trial court granted Carmac's motion, stating that Carmac, being the employer of the plaintiff, is protected by the exclusive remedy provision of the Workers' Disability Compensation Act from liability resulting from its negligent activities. Moreover, the lower court determined that the indemnification provision did not indemnify Total Petroleum for its own acts of negligence. Such language was to be strictly construed and was not to be interpreted so as to indemnify Total for its own acts of negligence. Total now appeals as of right.

Total first contends that the trial court erred in granting Carmac's motion for summary disposition because there were genuine issues of material fact regarding the parties' intentions relative to the indemnification clause language. Carmac responds that the indemnity contract must be strictly construed against Total and cannot be interpreted to allow indemnification of Total for its own negligence.

A summary disposition motion under MCR 2.116(C)(10), lack of a genuine issue of material fact, tests whether there is factual support for the claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. Giving the ben-

efit of any reasonable doubt to the nonmoving party, the court must determine whether the type of record which might be developed would leave open an issue upon which reasonable minds might differ. *Fulton v Pontiac General Hosp,* 160 Mich App 728, 735; 408 NW2d 536 (1987).

The indemnification language at issue, which was drafted by Total and included on a purchase order form, states the following:

> Contractor to assume all liability and hold Total Petroleum, Inc. harmless for injuries and/or property damage on jobsite caused by the contractor, his agents or his employees.

An express indemnity contract is to be strictly construed against the drafter and against the indemnitee. *Fischbach-Natkin Co v Power Process Piping, Inc,* 157 Mich App 448, 452; 403 NW2d 569 (1987). Where an indemnity agreement is clear and unambiguous, its interpretation is a question of law for the trial court to decide. *Chrysler Corp v Brencal Contractors, Inc,* 146 Mich App 766, 775; 381 NW2d 814 (1985).

In reviewing the indemnification provision in this case, it appears clear that Total intended that there be indemnification only for Carmac's negligence, not its own. If construction was required because the clause is ambiguous, we must construe it against Total. We believe that the language in the indemnification contract is clear and the lower court did not err in determining that there was no genuine issue of material fact relative to Total's express indemnification claim.

Total next contends that the trial court erred in granting summary disposition relative to its implied contractual indemnification claim. We disagree.

In Michigan, a right to indemnity may arise from three sources: the common law, an implied contract, and an express contract. *Skinner v D-M-E Corp,* 124 Mich App 580, 584; 335 NW2d 90 (1983). Except where the right is based upon an express contract, a right to indemnity may be enforced only where liability arises vicariously or by operation of law from the wrongful acts of the party from whom indemnity is sought. *Skinner, supra.* In other words, a right to indemnification based upon common law or implied contract is only available to a party who can plead and prove freedom from active fault. *Skinner, supra.* Furthermore, an implied contract of indemnity arises only if there is a special relationship between the parties or a course of conduct whereby one party undertakes to perform a certain service and impliedly assures indemnification. *Palomba v East Detroit,* 112 Mich App 209, 217; 315 NW2d 898 (1982).

In order to determine if a third-party plaintiff has stated a cause of action for indemnity based on an implied contract, the court must look to the third-party complaint, as well as the original complaint. *Diekevers v SCM Corp,* 73 Mich App 78, 80-81; 250 NW2d 548 (1976). This Court in *Williams v Litton Systems, Inc,* 164 Mich App 195, 202; 416 NW2d 704 (1987), stated that, where there are no allegations of vicarious liability and a primary defendant seeks to disprove his own active negligence, the primary defendant should do so against the primary plaintiff who brought the claim.

In this case, the Gruetts clearly alleged active negligence of Total, not vicarious or derivative liability. The allegations of active negligence alone could preclude Total from seeking implied contractual indemnification from Carmac. See, e.g., *Bosak v Hutchinson,* 422 Mich 712, 724-729; 375 NW2d

333 (1985), and *Hadley v Trio Tool Co,* 143 Mich App 319, 329-331; 372 NW2d 537 (1985). Moreover, we note that Total's third-party complaint lacked any allegations of vicarious liability. Rather, it only asserted that Total was "free of any active negligence." Applying the rule in *Williams,* Total is not entitled to implied contractual indemnification. We also note that, assuming Total prevails in the underlying action such that Total is not found to be actively negligent, there would obviously be no recovery by the Gruetts and, consequently, nothing for Total to seek in the way of indemnification from Carmac.

In sum, we conclude that the trial court did not err in granting summary disposition to third-party defendant Carmac Contractors.

Affirmed.

NEFF, J., concurred in the result only.

#### ADDENDUM

This opinion was submitted for release before our Supreme Court released its decision in *Williams v Litton Systems, Inc,* 433 Mich 755; 449 NW2d 669 (1989). Therefore, this case was not decided with the panel having the benefit of our Supreme Court's position on the indemnification issue addressed in *Williams.* We note, however, that our holding in this case is consistent with our Supreme Court's holding in *Williams.*